# United States District Court
## for the Northern District of Oklahoma

Case No. 23-CR-379-JDR

UNITED STATES OF AMERICA,

*Plaintiff,*

*versus*

BRANDON LEE WALKER COOPER,

*Defendant.*

## OPINION AND ORDER

During the Pretrial Conference on this matter, Defendant Brandon Lee Walker Cooper requested to continue the pending jury trial and extend deadlines for approximately 120 days. The government does not object. The Court GRANTS the motion.

Section 3161(h)(7)(A) of the Speedy Trial Act governs the Court's decision. This section allows a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance … would deny counsel for the defendant … the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice

Case No. 23-CR-379

continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007); *see also*, *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) (limiting the circumstances in which an ends of justice continuance can be granted and emphasizing that this should be a rarely used procedural tool). The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id*. at 1271. The parties must provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id*. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id*. at 1273.

In this case, Defendant is in a six-month residential treatment program. He has successfully completed the first three months of the program and has requested to continue to ensure the full benefit of the program prior to sentencing. The Government has represented that Defendant's success in the program may impact the resolution of the charges and the requested sentence. The Court agrees that both Defendant and the public would be benefitted by a continuance to ensure Defendant's completion of a thorough, residential treatment program.

Defendant has executed a speedy trial waiver asking the Court to exclude any period of delay for an ends of justice continuance. Dkt. No. 25. In addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

IT IS THEREFORE ORDERED that Defendant's oral motion to extend all dates on the scheduling order is GRANTED. The jury trial set for

Case No. 23-CR-379

March 25, 2024, is stricken. The following amended scheduling order will govern the case:

| | |
|---|---|
| Joint status report regarding production of discovery filed: | 6/7/2024 |
| Notices filed: | 6/7/2024 |

> This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609.

| | |
|---|---|
| Motions to dismiss for insufficient indictment filed: | 6/14/2024 |
| Motions and objections to notices filed: | 6/14/2024 |

> Absent good cause, motions in limine shall be filed by this date.

> Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

| | | |
|---|---|---|
| Pretrial conference: | 7/18/2024 | at 9:00 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 7/29/2024 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 8/2/2024 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 8/2/2024 | by 4:00 pm |
| Jury trial: | 8/5/2024 | at 9:00 am |

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

Case No. 23-CR-379

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial.  Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

IT IS FURTHER ORDERED that the time from March 25, 2024, inclusive, to August 5, 2024, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

DATED this 11th day of March, 2024.

JOHN D. RUSSELL
*United States District Judge*